IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| T.G., | : |
| Plaintiff, | : |
| VS. | : |
| | :     1 : 20-CV-196 (TQL) |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

Plaintiff filed this Social Security appeal on October 8, 2020 challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

***Legal standards***

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla,

such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

***Administrative Proceedings***

Plaintiff filed applications for disability and Supplemental Security Income benefits in June 2017, alleging disability since February 23, 2016. (T-241-255, 272). His claims were denied initially and upon reconsideration. (T-70-158, 168-175). A hearing was held before an ALJ in December 2019. (T-47-69). In a hearing decision dated February 3, 2020, the ALJ determined that Plaintiff was not disabled. (T-27-46). The Appeals Council denied Plaintiff's request for review. (T-1-7).

***Statement of Facts and Evidence***

Plaintiff, born on June 9, 1991, was twenty-eight (28) years of age at the time of the ALJ's February 2020 decision. (T-272). Plaintiff alleges disability since February 23, 2016, due to degenerative disc disease, lumbar fusion, spinal disfunction, left leg radiculitis with weakness, neuropathy in both feet, vertigo, anxiety and depression, and chronic migraines. (T-272, 287). Plaintiff completed high school, and has past relevant work experience as a maintenance worker, mechanic, painter, sprayer, and store clerk. (T-288). As determined by the ALJ, Plaintiff suffers

from severe impairments in the form of degenerative disc disease, bursitis, headaches, and obesity. (T-32). The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing work activity at the light exertional level with certain limitations. (T-33-35). The ALJ determined that Plaintiff could not return to any of his past relevant work, but that there were jobs in significant numbers in the national economy that he could perform and thus he was not disabled. (T-39-40).

## DISCUSSION

Plaintiff contends that the ALJ failed to properly evaluate his subjective accounts of limitation and pain, failed to provide adequate reasons for rejecting his subjective complaints, and failed to consider all of his impairments.

If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain

and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ set out and followed the appropriate standard for evaluating Plaintiff's subjective accounts of pain, finding that Plaintiff suffered from medically determinable impairments that could reasonably be expected to cause the alleged symptoms. (T-35, 37). The ALJ then determined that Plaintiff's statements regarding the intensity, persistence and limiting effects of his symptoms were not consistent with the medical evidence and other evidence of record. (T-37). Specifically, the ALJ found that

> [t]he claimant reported that medication is effective in reducing his pain. Although the claimant uses a cane to aid in ambulation, he has generally been found to have normal strength, sensation, and reflexes. The claimant reported that he is independent in matters of personal care and is able to drive and play the guitar. The claimant has generally not required urgent or inpatient care except for short periods following the claimant's back surgeries. The medical record relating to the claimant's back impairment, hip bursitis, headaches, and obesity support limiting the claimant to light exertional work with reduced standing/walking, the use of a cane, the ability to periodically switch positions, reduced postural activity, and additional environmental restrictions.

*Id.*

Contrary to Plaintiff's contentions, the ALJ did comply with the requirements of the regulations and Social Security Rulings regarding assessment of Plaintiff's subjective complaints. The ALJ clearly applied the pain standard to evaluate Plaintiff's complaints, and did not require that Plaintiff's testimony be "entirely consistent" with the objective evidence. The ALJ only noted that

Plaintiff's statements were "not entirely consistent" with the record evidence. The ALJ properly considered all of Plaintiff's symptoms and the extent to which said symptoms were consistent with the evidence, as required by 20 C.F.R. 404.1529 and Social Security Ruling 16-3p. The ALJ did not reject Plaintiff's statements regarding pain and limitation solely based on the objective medical evidence, but included consideration of Plaintiff's daily activities, consideration of the frequency and intensity of the pain, medication taken, and other measures take to alleviate the symptoms. (T- 37-38).  Although Plaintiff points to evidence that could support his subjective accounts of pain, "the question is not whether evidence could have supported a decision to credit [Plaintiff's] testimony, but rather whether substantial evidence supports the ALJ's decision to partially discount [the] testimony. . . [T]he Court cannot reweigh the evidence or substitute its judgment for the ALJ's judgment." *Yagle v. Commissioner of Social Security,* 2020 WL 1329989, *4 (M.D.Fla. 2020), *citing Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990); *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).

Additionally, the Court finds that the reasons provided by the ALJ for discrediting Plaintiff's subjective accounts of limitation are supported by substantial evidence. The record supports the ALJ's findings that Plaintiff reported medication to be effective in reducing his pain, with reports of " [r]adicular pain [] resolved" in January 2019, and "[c]onstant but improving back and radicular pain . . . good relief of his leg pain" in November 2018. (T- 715, 729, 741). Furthermore, the record supports the ALJ's finding that Plaintiff's medical examinations generally showed normal strength, sensation, and reflexes, that he was independent in his personal care, could drive a car, played the guitar, and that urgent care had not been required apart from planned surgeries. (T-310, 684, 735, 743, 926).

Finally, the ALJ properly considered all of Plaintiff's impairments in assessing his disability status. Plaintiff points to shoulder and neck pain complaints that he asserts the ALJ failed to consider. However, as noted by the Commissioner, the record contains very few notations regarding shoulder and/or neck pain, and Plaintiff does not point to any specific findings which the ALJ failed to consider. The ALJ considered Plaintiff's complaints of pain and appropriately accounted for these subjective complaints in his RFC finding.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 16th day of March, 2022.

s/ *Thomas Q. Langstaff*
**UNITED STATES MAGISTRATE JUDGE**